865 F.2d 258
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Timothy B. GUILKEY, Plaintiff-Appellant,
v.
Paula HOLDEN; Steve Smith; John Wigginton, Defendants-Appellees.
 No. 88-5658.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1988.
 
 1
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, and JOHN FEIKENS, Senior District Judge.*
 
 ORDER
 
 2
 This pro se Kentucky state prisoner appeals the district court's sua sponte dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Guilkey is a convicted sex offender and an inmate at the Luther Luckett Correctional Center. Seeking declaratory and injunctive relief, plaintiff alleged the defendants violated his fifth, eighth and fourteenth amendment rights by twice denying him admission to the Sex Offender Treatment Program, Ky.Rev.Stat. Sec. 197.400. Apparently, plaintiff, on one occasion, was denied admission to the program because he refused to admit guilt to his crime. Under Kentucky law, a sex offender must successfully complete the program prior to parole eligibility. Plaintiff alleged that the requirement that he admit his guilt while he is still pursuing state appeals is violative of his fifth amendment privilege against self-incrimination. Plaintiff requested the court to order the defendants to admit him into the program. The district court sua sponte dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d) finding that plaintiff had no constitutionally protected liberty interest in parole or participation in the treatment program.
 
 
 4
 Upon review, we affirm. Kentucky's parole statute, Ky.Rev.Stat. Sec. 439.340, does not create a liberty interest protected by the due process clause. Thus, plaintiff does not have a legitimate entitlement to or expectation of participation in the sex offender treatment program. See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 11-12 (1979). Moreover, the requirement that plaintiff admit his guilt prior to acceptance in the program is not constitutionally infirm because plaintiff's admission would be a privileged communication not subject to disclosure in any civil or criminal proceeding. See Minnesota v. Murphy, 465 U.S. 40, 435-36 (1984); Ky.Rev.Stat. Sec. 197.440.
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation